UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANDON WILEY THOMAS, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:21-2159 |
| v. | : | (JUDGE MANNION) |
| | : | |
| GEORGE LITTLE, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Landon Wiley Thomas, an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). The filing fee has been paid. Petitioner challenges his 2014 guilty plea, in which Petitioner pled guilty to multiple counts of robbery and was sentenced to a 12½ to 25 year term of incarceration with a five year consecutive term of probation. Id. A response (Doc. 10) and traverse (Doc. 11) having been filed, the petition is ripe for disposition. For the reasons that follow, the Court concludes that the petition is as an unauthorized "second or successive" habeas petition under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(b), and will dismiss the petition for lack of jurisdiction.

I. **Background**

The state court procedural background is adopted from the Pennsylvania Superior Court's October 29, 2021 Memorandum Opinion affirming the denial of Petitioner's PCRA petition as untimely, and is as follows:

> The Commonwealth charged [Thomas] with 13 counts of Robbery arising out of a spree of hold-ups of gas stations, convenience stores and banks during which [Thomas] used his pointed finger or a piece of plastic under his sweatshirt to simulate a weapon. [The Commonwealth withdrew Counts 12 and 13 (Robbery—Threat Immediate Serious Injury, (18 Pa.C.S. §3701 A1(ii) ).]
>
> On May 11, 2015, [Thomas] entered a negotiated guilty plea to 9 counts of Robbery—Threat of Immediate Serious Injury, 18 Pa.C.S. 3701(a)(1)(ii), a felony of the first degree and 2 counts of Robbery—Taking Property From Another by Force, 18 Pa.C.S. §3701(a)(1)(v), a felony of the third degree. The Court sentenced [Thomas pursuant to the negotiated plea agreement to an aggregate sentence of 12½ to 25 years' imprisonment, with a consecutive 5–year term of probation.]
>
> * * * *
>
> [Thomas] filed no post sentence motion or appeal.
>
> On August 26, 2015, [Thomas] filed a *pro se* Motion for Post Conviction Collateral Relief in which he asserted that the Court imposed a constitutionally infirm sentence, citing, Alleyne v. United States,133 S.Ct. 2151 (2013) and Commonwealth v. Hopkins, 117 A.3d 247 (2015). [Thomas] further alleged that the Court imposed an impermissible sentence under 42 Pa.C.S. §9714, Sentence for Second and Subsequent Offenses. On

September 14, 2015, prior to the appointment of PCRA counsel, [Thomas] filed a *pro se* Amendment to the PCRA Motion.

On October 22, 2015, the Court appointed Jennifer Tobias, Esq., as PCRA Counsel. Appointed Counsel filed a Motion to Withdraw on November 20, 2015. On March 25, 2016, [Thomas] filed Defendant's Addendum to Counsel's No Merit Letter.

On March 30, 2016, the Court ordered the Commonwealth to file a Response and Memorandum in Support thereof to [Thomas's] claims as to the asserted applicability of Alleyne v. United States,133 S.Ct. 2151 (2013) and Commonwealth v. Hopkins, 117 A.3d 247 (2015).

Thereafter, [Thomas] filed a series of *pro se* pleadings each of which opposed Appointed Counsel's Motion to Withdraw and sought to raise new claims.

* * * *

On December 23, 2016, Court ordered that [Thomas] shall file no further pleadings pending disposition of the filings of record.

PCRA Court Opinion, 6/15/2017, at 1, 4–5. On June 15, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Thomas's PCRA petition. On July 13, 2017, the PCRA dismissed the petition.

PCRA Ct. Op., 6/15/17, at 1, 4-5. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for permissive appeal.

Commonwealth of Pennsylvania v. Thomas, No. 624 MDA 2021 (Pa. Super. Oct. 29, 2021).

On February 11, 2019, Thomas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in the United States District Court for the

Western District of Pennsylvania. Thomas v. Smith, Civil No. 3:19-cv-0021 (W.D. Pa. Sept. 28, 2021). In his petition, Thomas raised six grounds for relief: (1) the denial of an impartial tribunal in violation of due process; (2) ineffective assistance of counsel rendering his guilty plea involuntary; (3) the suppression court erred in not requiring identification witnesses to testify about the photographic identification procedure; (4) the suppression court erred in allowing the prosecution to violate a sequestration order; (5) the prosecution committed fraud upon the court by using out-of-court statements of a material witness and not disclosing credibility issues; and (6) the post-conviction relief court failed to consider issues raised by Petitioner in various "addendums" to his post-conviction relief petition. Id.

In a Report and Recommendation dated October 14, 2020, the Magistrate Judge determined Petitioner's claims to be procedurally defaulted, finding that "Petitioner, even if his claims were not defaulted and my review were *de novo*, does not persuade that his plea was not knowing and voluntary." (Id. at Doc. 15).

By Order dated September 28, 2021, the District Court overruled Petitioner's objections to the Magistrate Judge's Report and Recommendation, denied the petition for writ of habeas corpus as

procedurally defaulted and denied a certificate of appealability. (Id. at Doc. 18).

On December 28, 2021, Petitioner filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner again challenges his 2014 guilty plea based on the denial of an impartial tribunal in violation of due process and ineffective assistance of counsel rendering his guilty plea involuntary. (Doc. 7, amended petition).

## II. Legal Standards

Pursuant to 28 U.S.C. §2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. §2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. See Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. Discussion

A review of the instant petition reveals that it is a second or successive habeas application within the meaning of 28 U.S.C. §2244. First, the Petition challenges the same 2014 guilty plea that he challenged in his first federal habeas proceeding. Second, the dismissal of Petitioner's first habeas petition constitutes an adjudication on the merits for §2244 purposes. See Hernandez v. Diguglielmo, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005) (noting that dismissal for a procedural default constitutes a merits adjudication) (collecting cases); Rauso v. Pennsylvania Board of Probation & Parole, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004) (in denying petitioner's §2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). Third, Petitioner either did, or could have, asserted the instant three grounds for relief in his first petition.

Petitioner does not assert, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas petition. Consequently, the Court lacks jurisdiction to consider the petition. See Robinson, 313 F.3d at 139. In addition, the Court

concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. §2244(b)(2). For these reasons, the Court will dismiss the instant unauthorized second or successive habeas petition for lack of jurisdiction. Robinson, 313 F.3d at 139.

### IV.     Conclusion

For the foregoing reasons, Thomas' unauthorized second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 is dismissed for lack of jurisdiction. The Court declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

An appropriate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 29, 2022**
21-2159-01